

FILED

9/25/2025

AXM

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | **25-CR-00605** |
| | ) | **Judge Sara L. Ellis** |
| | ) | No. **Magistrate Judge Laura K. McNally** |
| v. | ) | **RANDOM / CAT. 3** |
| | ) | Violations: Title 18, United |
| RAHSHONE BURNETT | ) | States Code, Sections 1028A and |
| | ) | 1343 |

## COUNTS ONE THROUGH FOUR

The SPECIAL JUNE 2024 GRAND JURY charges:

1.    At times material to this Indictment:

***Unemployment Insurance / Pandemic Unemployment Assistance***

a.    In 1935, the federal Social Security Act established the dual program of federal and state unemployment benefits. Under the Act, each state administers its own unemployment program through their State Workforce Agency, within the guidelines of federal law. The state unemployment benefits are financed in part by state payroll taxes, which are held in trust by the United States Treasury's Federal Unemployment Trust Fund. During periods of high unemployment, the federal government has also funded or augmented state unemployment benefits.

b.    The Coronavirus Aid, Relief, and Economic Security ("CARES") Act also expanded individual states' ability to provide assistance to workers impacted by COVID-19, including for workers who were not ordinarily eligible for unemployment insurance benefits. One of the temporary programs established by the CARES Act is the Pandemic Unemployment Assistance ("PUA") program, and the Federal Pandemic Unemployment Compensation ("FPUC") program.

1

c.     The PUA provided federally-funded unemployment insurance benefits to individuals who were: (1) self-employed, seeking part-time employment, or otherwise would not qualify for regular unemployment insurance benefits or extended benefits under state or federal law or under other programs established by the CARES Act; and (2) unemployed, partially unemployed, unable to work, or unavailable to work due to specific COVID-19 related reasons.

d.     Under the PUA provisions of the CARES Act, business owners, self-employed workers, independent contractors, and gig workers qualified for PUA benefits administered by the State Workforce Agency if they previously performed such work and were unemployed, partially unemployed, unable to work or unavailable to work due to a COVID-19 related reason.

e.     PUA claimants were required to answer specific questions related to their eligibility, and to provide their name, Social Security Number, and mailing address. Claimants were also required to self-certify that they met one of the COVID-19 related reasons for being unemployed, partially unemployed, or unable or unavailable to work.

f.     The FPUC program supplemented other unemployment insurance benefit payments by providing $600 per week in federal funds to individuals who were collecting other forms of unemployment insurance benefits.

g.     Residents of Illinois, California, and Kansas, or individuals who resided in another state but worked primarily in Illinois, California, or Kansas,

2

respectively, had the option of initiating their unemployment claim electronically through the website for their State Workforce Agency.

h.     The Illinois Department of Employment Security ("IDES") was the designated State Workforce Agency of the State of Illinois.

i.     The California Employment Development Department ("EDD") was the designated State Workforce Agency of the State of California.

j.     The Unemployment Insurance Division ("UID") was the designated State Workforce Agency of the State of Kansas.

k.     Once an application was approved, the IDES, EDD, and UID typically distributed state and federal unemployment insurance benefits electronically to a debit card in the claimant's name, which the claimant could use to withdraw funds and make purchases. The debit cards were sent via the U.S. Postal Service to the address the claimant provided. Claimants activated their debit card via telephone or online.

### *The Scheme to Defraud*

2.     Beginning in or around July 2020, and continuing until at least February 2022, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

RAHSHONE BURNETT,

defendant herein, along with others known and unknown to the grand jury, knowingly devised, intended to devise, and participated in a scheme to defraud, and to obtain money and property, in connection with applications for PUA funds, by

3

means of materially false and fraudulent pretenses, representations, and promises, as further described below.

3.     It was part of the scheme that BURNETT prepared and submitted, and caused to be prepared and submitted, applications for unemployment insurance and PUA to the IDES, the EDD, and the UID, which applications contained materially false statements and misrepresentations, including that the claimants had previously been employed and were now unemployed as a result of the COVID-19 pandemic. BURNETT knew at the time that the persons identified as claimants had not consented to his use of their name and personal identifying information, and that the statements regarding the claimants' employment, address, and unemployment were false.

4.     It was further part of the scheme that BURNETT acquired and used personal identifying information ("PII") of individuals, without their knowledge or consent, including their addresses, dates of birth, and SSNs, in order to submit applications for unemployment insurance and PUA for the financial benefit of BURNETT and others.

5.     It was further part of the scheme that BURNETT submitted applications for unemployment insurance and PUA using PII for individuals that BURNETT knew belonged to other persons, without their knowledge or authorization.

4

6.     It was further part of the scheme that BURNETT paid others to create false identification documentation, including driver's licenses, that BURNETT submitted in applications for unemployment insurance and PUA.

7.     It was further part of the scheme that BURNETT and others electronically submitted materially false and fraudulent weekly certifications to IDES, EDD, and UID that the claimants identified in the PUA applications were unemployed.

8.     It was further part of the scheme that, through the submission of the false and fraudulent PUA applications, BURNETT and others caused the disbursement of PUA funds to BURNETT and other persons he knew were not entitled to such benefits.

9.     It was further part of the scheme that BURNETT misrepresented, concealed, and hid, and caused to be misrepresented, concealed, and hidden, the existence and purpose of the scheme and the acts done in furtherance of the scheme.

10.   On or about the dates set forth below, in the Northern District of Illinois, Eastern Division, and elsewhere, BURNETT, as set forth below, for the purpose of executing the above-described scheme, knowingly caused to be transmitted by means of wire communication in interstate commerce certain writings, signs, and signals, namely, internet transmissions of applications for PUA funds, listed below, each constituting a separate count:

| Count | Date | Description of Act |
|-------|------|--------------------|
| One | September 30, 2020 | An internet transmission to IDES of an application for PUA funds in the name of B.H., through servers located outside Illinois |
| Two | October 7, 2020 | An internet transmission to IDES of an application for PUA funds in the name of S.H., through servers located outside Illinois |
| Three | September 30, 2020 | An internet transmission to IDES of an application for PUA funds in the name of E.C., through servers located outside Illinois |
| Four | October 20, 2020 | An internet transmission to IDES of an application for PUA funds in the name of K.M., through servers located outside Illinois |

In violation of Title 18, United States Code, Section 1343.

6

## COUNTS FIVE THROUGH EIGHT

The SPECIAL JUNE 2024 GRAND JURY further charges:

1.     The allegations in Paragraphs 1 through 9 in Counts One through Four are incorporated here.

2.     On or about the dates set forth below, in the Northern District of Illinois, Eastern Division, and elsewhere,

RAHSHONE BURNETT,

defendant herein, knowingly transferred, possessed, and used, and caused to be transferred, possessed, and used, without lawful authority, a means of identification of another person, namely, a social security number, during and in relation to a felony violation, specifically, the wire fraud offenses specified above charged in this indictment, knowing that the means of identification belonged to another real person:

| Count | Date | Individual | Wire Fraud Offense |
|-------|------|------------|--------------------|
| Five | September 30, 2020 | B.H. | Count One |
| Six | October 7, 2020 | S.H. | Count Two |
| Seven | September 30, 2020 | E.C. | Count Three |
| Eight | October 20, 2020 | K.M. | Count Four |

In violation of Title 18, United States Code, Section 1028A(a)(1).

7

## **FORFEITURE ALLEGATION**

The SPECIAL JUNE 2024 GRAND JURY further alleges:

1.     Upon conviction of an offense in violation of Title 18, United States Code, Section 1343, as set forth in this Indictment, defendant shall forfeit to the United States of America any property which constitutes and is derived from proceeds traceable to the offense, as provided in Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

2.     The property to be forfeited includes, but is not limited to, a personal money judgment in an amount equal to the proceeds derived from the offenses in violation of Title 18, United States Code, Section 1343.

3.     If any of the property described above, as a result of any act or omission by defendant: cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty, the United States of America shall be entitled to forfeiture of substitute property, as provided in Title 21, United States Code Section 853(p).


A TRUE BILL:


_____
FOREPERSON

_____
UNITED STATES ATTORNEY